Fritz v. Evers is Case No. 5 today. Mr. Sullivan. May it please the Court. I am William Sullivan and I represent the Plaintiff Appellant, Mark Fritz, in this case. We are here today because the State Superintendent published on its website that Mr. Fritz was under investigation when Mr. Fritz was not. It's important that the panel understand that that phrase, under investigation, has a specific, limited meaning under Wisconsin law. It means that the State Superintendent received a report for which an investigation was warranted that Mr. Fritz had engaged in a crime against a child, a sex offense, or a moral conduct, which is defined as downloading or viewing pornography or trying to help somebody get a job who he knew had committed a sex act. And none of that was true. This posting remained online for more than a year. At the time, Mr. Fritz was out of work and he was looking for a job. Mr. Fritz was told by… What were the circumstances of his leaving Racine? Yes, Your Honor. Mr. Fritz was asked to give his resignation and he gave it. Following his resignation, he learned through a prospective employer that he could not be hired because he was under investigation by the Wisconsin Department of Public Instruction. When he contacted the Department of Public Instruction for more information, they simply ignored him. And they ignored him for more than a year until he hired me. Can I ask you about appellate jurisdiction here? I don't see a judgment from the District Court. I see a dismissal without prejudice and a footnote that says, perhaps these defects can be cured by an amendment. At the same time, we see the clerk being ordered to close the case. And as I understand the statute of limitations, it would be too late to file a new case now. Anything on that? I think the court is incorrect on the statute of limitations in Wisconsin. The statute of limitations is six years on claims under Section 1983. So he's still within the statute of limitations to file. However, there is a judgment, which we have as Appendix 1, ordered against Mr. Fritz. It's true that the judgment does not state that it is with prejudice, but that certainly was our understanding of the District Court's decision. There is a judgment, but the judge said without prejudice? In the judge's opinion and order, it does say that it's without prejudice, but I believe that the filing of the judgment dismissing the case starts the clock for Mr. Fritz to file an appeal. And I think that it's a final order for purposes of appellate jurisdiction under Section 1291. Did you consider filing an amended complaint? I have considered filing an amended complaint, but given the District Court's decision, there are some strong concerns that I have about issues of claim or issue preclusion in the filing of a separate lawsuit. The District Court's opinion in this case essentially is that Mr. Fritz, because he did not have his license suspended or revoked, he cannot pursue a due process claim. I'm unaware of any circuit that has taken that view. I think the issue in this case is that Mr. Fritz's employment opportunities have been foreclosed by the mere fact that he's alleged to have engaged in a crime against a child or an unlawful sex act. It's a lot more vague than that. Same question. I'm going to defer to Judge Hamilton's question. Sure. Judge Hamilton, what I would say is the District Court noted that on DPI's own website, it states that the only time that they publish on their website that somebody is under investigation is when they receive a complaint under Chapter 115, Section 316B, which is the subsection that talks about a complaint about an educator having committed a sex act, having committed a crime against a child, or engaged in immoral conduct. Right. Immoral conduct would apply to Socrates, the charges against Socrates in Athens, right, about corrupting the youth of Athens. We just don't know very much, but I assume that there's – I think we have to treat very seriously your allegations and arguments about the practical effects of this listing. I guess one of my other questions is what remedy are you seeking at this point? Sure. Well, let me first begin by saying that actually this statute does define immoral conduct. It says what it includes, but it is much broader than that. I think it actually limits – I mean, I would respectfully disagree. I think it limits it to the subsections in 3A.3 and C.1.A.1 and B. But what I'll say is the remedy that we're seeking – It's not hypothetical. Sure. Okay. Under that definition, it says behavior that's contrary to commonly accepted moral or ethical standards and that endangers the health, safety, welfare, education of any pupil. Suppose a physical education teacher knowingly starts swimming class without a lifeguard. Could that teacher be placed under investigation under that provision? I don't believe so. Or a chemistry teacher knowingly, purposely leaves the classroom with all the bunts and burners going. I don't believe so. Why not? I believe under the definition that, as we've included in our filing, that immoral conduct is actually limited to these two, downloading pornography or trying to help someone get a job. I mean, it's limited to those. That's not what it says. I think it does say that in Section 31.1.C.1.A. and B. It says it includes all of the following after this much broader definition that would certainly include what Judge Scudder has asked about. Now, it is true that those are, as I read it, that broader definition applies only in the event of a resignation or termination. But that doesn't – well, I'm not sure where that winds up taking us, except that we really have no idea what this complaint might have been about. But how do we get to monetary relief when you sued Superintendent Evers in his official capacity? Well, when we originally brought the lawsuit, we were seeking to be able to conduct some discovery on the case to see who was ultimately responsible. But we believe that Dr. Evers should have implemented proper procedures that would have prevented this from happening. I think it's important to understand that there was never an allegation within the definition or the court's expanded understanding of the definition ever leveled against Mr. Fritz. Race and Unified never claimed that he put a child in danger. That was not the complaint. And he actually wasn't – Have you seen the complaint? I have not seen the complaint. But my understanding is that that was not the allegation that they were concerned about or that was leveled against Mr. Fritz. And furthermore, I'd point out that after a year of dealing with this, the state superintendent came back and said there wasn't probable cause to even warrant an investigation here. Can you go back to one of the points you made earlier in response to Judge Hamilton? I think you said that Mr. Fritz, after this notice was posted of the investigation pending, that he was out of work at the high school or he was out of work at his school. The district judge emphasized in the opinion, I'm looking at Appendix 13, that there are no allegations of facts that he was fired, suspended, or otherwise disciplined. And so was there such an allegation? And if so, where is it? No, I think it's a fair inference from the complaint. We don't state that he was forced to resign or that he resigned from the complaint, but we think it's a fair inference that he's looking for employment and these employers are going to ask him. How can you hoi about something like that? If he lost his job, was suspended permanently or temporarily, why wouldn't you just allege that or why wouldn't your client just allege that, especially given the legal test that applies here? I don't believe this court's precedent requires that Mr. Fritz have lost his job in order to pursue a due process claim. Isn't that the plus side of stigma plus? I think it's being— Paul against Davis, which is cited by your opponent and not discussed in your briefs. So perhaps this is your opportunity to discuss Paul against Davis. Yes, Your Honor. I mean, what Paul v. Davis says is that there needs to be an additional plus component. That's not the holding of Paul. The holding of Paul is that slander and libel don't violate the Constitution. The case called Codd against Velger then later held that if you lose your job as a result of the slander, that that does require a hearing. The loss of the job requires the hearing, not the slander. So you've got a claim here of libel, of defamation, but no allegation of losing the job as a result of it. So you don't come within Codd against Velger's arguable exception to Paul against Davis. But as I say, your briefs don't mention either case. Our claim is simply that Mr. Fritz was denied future employment opportunities, which I think is supported by the decisional law. You heard the last case. Mr. Balsinger was indicted, and he didn't go to trial for 10 years. You think the indictment was just a rollicking violation of the due process clause because it wasn't preceded by an adversarial hearing? For 10 years, the man was under a cloud. Was that all unconstitutional, root and branch? Well, he was not deprived of an opportunity to run his business. Nobody would hire the man while he was under indictment for massive fraud. I don't know that an indictment is— It was not simply that he was under indictment. The indictment details the fraud. I don't think— And he's charged with obstruction of justice, too. Well, I would submit to the court that in the case of Mr. Fritz, Mr. Fritz looking for employment, we know that future employers are going to look at the website. The question I'm asking is, isn't it an implication of your position that every indictment violates the Constitution because it is not preceded by an adversarial hearing? Every public arrest violates the Constitution because it is not preceded by an adversarial hearing. And once the general public learns that stockbroker Jones has been arrested on the floor of the stock exchange and given the perp walk, he's not going to be hired. In your view, this is all standard procedure. It is all unconstitutional, root and branch. You might want to think about the implications of this. I don't believe I go that far, but I would submit that in all of those cases, there was actually an underlying allegation. And here— But do you think it is worse not to make a detailed allegation than to make it? That is, if the listing were accompanied by the nature of the charge, would that make things better, in your view? In this instance, it would have. I'm not asking about in this instance. The Constitution isn't written for in this instance. We have general rules, and it would be most peculiar, I think, to have a rule that there can be formal, public, criminal charges against somebody not preceded by a hearing and not immediately followed by a hearing, whereas just a notice that we're investigating something is unconstitutional. But that seems to be your argument, and it's hard to follow. If I could just follow up briefly on an unrelated matter. You had referred earlier to wanting to do discovery, to find some other defendant, I think. I frankly don't see how you could get damages from Mr. Evers. I don't see any injunctive relief that the federal courts could offer you that would be meaningful at this point. But maybe I'm missing something. Are you pursuing somebody else in a separate case? Is there some relief that could actually be granted to Mr. Fritz at this point? Well, to be clear, the district court dismissed all of Mr. Fritz's claims on this basis, and certainly we think that we would have an opportunity for the district court to reconsider some of those claims if this court were to reverse that decision. All right. What other claims? What relief? Specifically, the equal protection claim that Mr. Fritz has filed. Tell me about the theories. Relief. What relief? Could a court order be provided from what defendant? I believe that the district court in a trial could award monetary relief to Mr. Fritz for the lost opportunities. From whom? Superintendent Evers?  In other words, he's the state of Wisconsin. I think from an individual defendant. And I also, we also asked. There are no individual defendants here. There aren't any in this case, but we did also ask that the statute be declared unconstitutional as applied to Mr. Fritz in this matter. Okay, thank you. Mr. Johnson, card. Good morning, Your Honors. May it please the court. This is a clear case of defective pleading as to Superintendent Evers. As we outlined in our briefs, the stigma plus inquiry simply fails as to Superintendent Evers. Mr. Fritz has not alleged sufficient facts to establish either the stigma or the plus. In my brief time before the court, I'd like to just underscore a few points that were raised in reply. Why does any of that matter? If you take my hypothetical, right, the Mr. Balziger files a lawsuit the day after his indictment and says, this stigma is terrible, no one will hire me. Therefore, the indictment is unconstitutional and I want it dismissed and damages awarded. Would that complaint, and let's assume it's elaborate as you want, get him anywhere? I don't believe so, Your Honor, and certainly not against the state superintendent who really had no role in the allegations here. If there's a complaint about the stigmatizing effect that Racine Unified's allegations might have caused, that complaint is properly filed against the Racine School District. It's the Racine School District that compiled these alleged allegations and then transmitted those out. These are the ones that were found without probable cause? That's right. Okay. Do we have any indication there was an actual investigation conducted any time in the first year after that complaint was received? On just the complaint, I don't think there's any indication about the specifics of the investigation, you know, whether it occurred at month 9 versus month 13 of the, I think, 17 months. But the fact of the matter is the investigation did occur as demonstrated by the ultimate conclusion that Racine's allegations were insufficient to support probable cause for licensure revocation. Is there anything comparable to a speedy trial requirement in this statutory framework? Not that I'm aware of, Your Honor. A case to drag out for five or eight years? You know, I think there could conceivably be a mandamus action, you know, if the statutory framework compelled a certain action. And as I understand the regulations that now govern the DPI's investigations, do you say promptly? So, you know, I think at some point it might be the case that a mandamus action would lie as to failure on promptness. How long is the list of teachers under investigation in Wisconsin? I don't know, Your Honor. I tried to look, but you've got to ask by name. Right. And how big is the staff available for investigation? Well, you know, it's not in the record, Your Honor, but I think there is behind the scenes an issue that it's a processing issue. I'm sorry? A processing issue. People, 10, 30? I can't speak to that, particularly on this record, Your Honor. Would you agree that a teacher's license could not be suspended without either a pre-suspension hearing or a very quick opportunity for a hearing after an emergency suspension? There are procedures in place to deal with the suspension, and I think that is if there were probable cause found based on the school district's allegations, then we do get to a hearing with full administrative review rights. What concerns me is that we're being told, in essence, that this listing has the same effect as a practical matter, at least for somebody who has left his job. He can't get a new one. And he doesn't have a right to a hearing on any particular timeframe. And so no obvious way to force the issue. Well, I think even assuming those points, the question here is whether Superintendent Evers can be held liable for any damages there. And I think there we return to the fact that these are Racine's allegations. And while, as the court recognized, there aren't any allegations about termination or separation from Racine, even assuming that he did leave, that relates to the relationship with Racine. That says nothing about Superintendent Evers. Does Mr. Fritz have a right to see that complaint or those allegations, to know what they were? Not during the investigation. During the investigation up to the probable cause determination. Afterwards, after a determination of no probable cause. I believe so. It just is a matter of defending the allegations in the revocation proceeding. Sorry. Could he go to the state superintendent now and say, I'd like to see the allegations against me? I believe so, Your Honor. Okay. Does that belief have a concrete basis? Something in the statute or regulation? One common thing. It's depressing when this happens. X is arrested in public. There's adverse publicity. And then a year later, the prosecutor announces that he's not being indicted. So far as I know, under federal law, X has absolutely no right to see any of the prosecutor's deliberations or any of the reasons why he's not being indicted or why he was vindicated or what the prosecutor thinks. I just, you know, Wisconsin may do things differently. And my understanding is that the materials would have to remain confidential during the investigation, but I think following the investigation. I'm just asking whether there's something other than your understanding. Okay. In federal law, there is a rule that grand jury material can't be released. And prosecutors have a deliberative process privilege, which they would invoke if anybody asked. If there's something concrete in Wisconsin law, it would help to give that to us, I think. I don't know, Your Honor. That would be governed by Department of Public Instructions regulations governing their files and public records. In my remaining time, I'd just like to briefly touch on a point raised in reply, which is Mr. Fritz seems to suggest that there wasn't ever any complaint from Racine. At page three of his reply brief, he suggests that there's a fair inference that the complaint was never sent to the superintendent, and that's simply incorrect based on his complaint in this case. Mr. Fritz's complaint at paragraph 11 clearly alleges that Racine submitted this complaint to the superintendent. Finally, just on the plus prong, I'd like to close with the point that the sole interest or right that Superintendent Evers could affect in this case is Mr. Fritz's license. Superintendent Evers did not employ Mr. Fritz. Mr. Fritz had no employment relationship with the Department of Public Instruction. Superintendent Evers had decision-making power on a license, and there's simply no allegation that his license was suspended or revoked. And as we see, it's to the contrary. He retained his license. So there's no deprivation or alteration or extinguishment, as would be necessary to establish that plus prong. Unless the court has any further questions, we would ask that the court affirm the decision below. Thank you very much. Mr. Sultan, we asked you quite a barrage of questions and consumed some of your time. We'll give you an extra minute for rebuttal. Thank you, Your Honor. First, I'll say that at page three of the reply brief, what I say is that the state superintendent did not receive a complaint under subsection three, which is correct. But thinking back as to the Ballsinger situation, it seems to me that someone who is arrested without probable cause would have a claim under the Fourth Amendment. And it seems that they're rather usual in the law that when there is no other amendment. You're making a Fifth Amendment claim. Correct. And I think that, you know. It's well established that probable cause is determined without an adversarial hearing. Correct. And I think in this case it was as well. It's the timeframe that it took the department and the fact that Mr. Fritz during that timeframe. The reason I say that is because if I understand your claim correctly, it's not they needed some reason to put me on the list. It's I was entitled to a hearing before they put me on the list. And those are really completely different claims. Or after at any time he was entitled. Okay. Thank you very much. The case is under advisement.